From Chowan.
Five days after date I promise to pay to Henry Gardner, or order, $107.75, value received. Edenton, 31 July, 1805.
WM. CLARK.
The case was referred to this Court, upon the question, "Whether an action of debt can be maintained on this note."
Debt is an action founded on an express contract for a sum certain. A writ of debt properly lieth where a man oweth another a certain sum of money by obligation, or by bargain for a thing sold, or by contract, or upon a loan made by the creditor to the debtor. Fitz. N. B., 273. If a tailor agree *Page 200 
to have a certain price for making a suit of clothes, debt will lie. Woods Inst., 544. A man owes another a sum of money, who hath his note under hand without seal; debt will lie. This position is laid down by Morgan and Ruffhead in their Law Dictionary, title, Debt. Debt lies on a promise to a physician, surgeon, etc., if he make a cure. 3 Com. Dig., 365. These authorities prove that debt will lie on a simple contract. It has been said and so adjudged that before the statute of 3 and 4 Anne, no action would lie upon a note, as a note. Salk., 129. And that indebitatus assumpsit would not lie on a bill of exchange. Stra., 680. The same doctrine was held in Hodgesv. Stuart, 1 Salk., 125. And it was there said by Holt, ChiefJustice, that indebitatus assumpsit would not lie on a bill of exchange for want of a consideration; for it is but evidence (284) of a promise to pay, which, taken alone, is a nudum pactum, and therefore the party must either bring a special action on the custom of merchants, or else a generalindebitatus assumpsit against the drawer for money received to his use.
But Lord Mansfield declared that all the cases upon this subject decided in King William's time went upon mistaken principles; and the truth of this observation will be admitted, if we take the trouble of examining the course of decisions upon the subject. In 1783, upon a writ of error from Ireland, in the case of Otway v. Ramsay, Strange, 1090, after two solemn arguments, and a third one ordered, the Court strongly inclined to the opinion that debt would not lie in Ireland or a judgment in the King's Bench in England. The plaintiff, however, declined a third argument, and the judgment was affirmed, without the opinion of the Court being given. But forty years afterwards, in Walker v. Witter, Doug., 1, 2, it was adjudged that debt would lie on a foreign judgment. In the case of Hodgesv. Stuart, Salk., 125, in the time of William III., it was held that bills and notes, payable to bearer, or to A. B. and bearer, were not negotiable or assignable, so as to enable the indorsee to maintain an action against the drawer; but in the time of Geo. III., in the case of Grant v. Vaughan,Lord Mansfield said: "There has since been no doubt but that actions may be brought by the bearer of such promissory note against the drawer." Lovelace on Bills, 108.
There is an anonymous case reported by Hardress, 485, that seems to unfold the principles upon which this case must be decided. The effect of that case is very accurately expressed in Com. Dig., Debt B. Lord ChiefBaron Comyn, after saying that debt lies on every express contract to pay a sum certain *Page 201 
(A. 8), and also lies though there be only an implied contract (A. 9), thus states the principle of these cases: "So debt lies not upon a bill of exchange against the acceptor; for the acceptance binds him by the custom of merchants, but (285) does not raise a duty," and cites Hardress, 485. The case in Hardress was debt against the acceptor of a bill of exchange, and the Court there said: "The acceptance does not create a duty, no more than a promise made by a stranger to pay the debt of another if the creditor will forbear his debt." In Hard'scase, 1 Salk., 23, it is also said that indebitatus assumpsit will not lie against the acceptor of a bill of exchange, for his acceptance is but a collateral engagement; but that it will lie against the drawer, for he is really a debtor by the receipt of the money. So, in Hodges v. Stuart, before quoted for another purpose, the Court said that debt would lie against the drawer of a bill of exchange for value received, and the reason given is, "that it is for the apparent consideration." As debt will lie where indebitatusassumpsit will, and as the statute of Anne puts notes on the same footing with bills of exchange, it would seem clearly to follow that an action of debt may be maintained by the payee of a promissory note against the drawer.